UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CONSUELO WALDEN,**

    **Plaintiff,**                  Case No.:

v.

**MOUNTAIN HIGH ASSISTED
LIVING FACILITY, INC.,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CONSUELO WALDEN, ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, MOUNTAIN HIGH ASSISTED LIVING FACILITY, INC., ("Defendant"), and in support states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage and failure to pay overtime, the Florida Deceptive and Unfair Trade Practices Act, ("FDUTPA"), Fla. Stat. §501.201 et seq., and the Internal Revenue Code, 26 U.S.C. §7434.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant operates an assisted living facility in Tampa, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff fell within the definition of a "person" within the meaning of FDUTPA, including Fla. Stat. §511.211(2).

10. At all times material hereto, Defendant was engaged in "trade or commerce" within the meaning of FDUTPA.

11. The Internal Revenue Service, ("IRS"), will be notified of this Complaint as required under the Internal Revenue Code. In particular, 26 U.S.C. § 7434(d) provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court".

12. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

13. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

14. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. Defendant continues to be an "employer" within the meaning of the FLSA.

16. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

17. At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

18. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000.00 per year.

## FACTS

19. Plaintiff began working for Defendant as a live-in care giver in July 2016, and she worked in this capacity until November 2016.

20. At all times material hereto, Plaintiff worked a set schedule during her employment with Defendant.

21. At all times material hereto, Defendant retained the right to control the manner and means by which Plaintiff performed her work.

22. At all times material hereto, Plaintiff did not engage in business distinct from that of Defendant.

23. At all times material hereto, Defendant set the pay rate for Plaintiff.

24. At all times material hereto, in an effort to avoid providing Plaintiff with the minimum benefits and protections afforded employees under Florida law, Defendant has willfully misclassified Plaintiff as an independent contractor, rather than an employee, despite the fact that the factual circumstances of the relationship between Defendant and Plaintiff demonstrates that Plaintiff is in fact an employee of the company.

25. Defendant paid Plaintiff without deducting any applicable taxes, for the purpose of intentionally avoiding its IRS obligations.

26. For these same tax years, Defendant paid Plaintiff by check without deducting any applicable taxes, for the purpose of intentionally avoiding its IRS obligations.

27. Defendant knew or should have known that it had a legal duty to withhold taxes from Plaintiff's earnings and to provide Plaintiff with W-2 Forms for each tax year during which Plaintiff worked.

28. Defendant's actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

29. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and she was not paid a minimum wage for all of the hours that she worked.

30. At various times material hereto, Plaintiff worked hours in excess of forty hours within a work week for Defendant, and she was entitled to be compensated for these overtime hours at a rate equal to one and one-half times her regular hourly rate.

31. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

32. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

33. Plaintiff reallegs and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

34. In violation of FDUTPA, Defendant engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its trade and commerce, and has thereby deprived Plaintiff of fundamental rights and privileges guaranteed to all employees under Florida law.

35. The actions of Defendant, in misclassifying Plaintiff's employment, are unfair and deceptive trade practices prohibited by Florida Statutes.

36. By and through Defendant's unfair, unlawful, and/or deceptive business practices described herein, Plaintiff has suffered injury in fact in that Defendant has obtained valuable property, money and/or services from Plaintiff, and has deprived Plaintiff of valuable rights and benefits guaranteed by law.

37. All of the acts described herein are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent, and/or unscrupulous, and thereby constitute unfair, unlawful and/or deceptive business practices in violation of FDUTPA.

38. Plaintiff is entitled to and does seek such relief as may be necessary to restore to her the money and property which Defendant has acquired, or of which Plaintiff has been deprived, by means of the above described unfair, unlawful and/or deceptive business practices.

**_WHEREFORE_**, Plaintiff demands:

(a) Judgment against Defendant and determination by the Court that Defendant violated the FDUTPA;

(b) Plaintiff's actual damages;

(c) All costs and attorney's fees incurred in prosecuting these claims; and

(d) For such further relief as the Court deems just and equitable.

### COUNT II – CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434 (a)

39. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

40. By failing to provide Plaintiff with W-2 Forms for all of the tax years during which she was employed by Defendant, and failing to properly record, account for, and report to the IRS all of the monies paid to Plaintiff as compensation for all of the hours that Plaintiff worked during the course of her employment, Defendant filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

41. Under the Internal Revenue Code, 26 U.S.C. § 7434, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return".

6

***WHEREFORE***, Plaintiff demands:

(a) Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiff, and damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction.

(b) That Defendant be ordered to take all the necessary steps to correct the above identified information returns.

(c) All costs and attorney's fees incurred in prosecuting these claims; and

(d) For such further relief as the Court deems just and equitable.

### COUNT III– FLSA OVERTIME VIOLATION

42. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

43. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

45. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

    c)     An equal amount to Plaintiff's overtime damages as liquidated damages;

    d)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)     A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

    f)     All costs and attorney's fees incurred in prosecuting these claims; and

    g)     For such further relief as this Court deems just and equitable.

## COUNT IV– FLSA MINIMUM WAGE VIOLATION

46. Plaintiff realleges and readopts the allegations of paragraphs 1 through 32 of this Complaint, as though fully set forth herein.

47. During the statutory period, Plaintiff worked for Defendant, and she was not paid the applicable minimum wage for the hours that she worked, as mandated by the FLSA.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

49. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

    b)     Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this ____ day of March, 2017.

Respectfully submitted,

_____
**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-321-4086
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ____ of March, 2017, a true and correct copy of this Complaint was served on Internal Revenue Service pursuant to 26 U.S.C. § 7434 (d) at 3848 W. Columbus Dr., Tampa, FL 33607.

_____
CHRISTOPHER J. SABA